MEMO ENDORSED

# SHAFRAN & ROCK, PLLC
### ATTORNEYS AT LAW

730 BROADWAY
KINGSTON, NEW YORK 12401

HOWARD E. SHAFRAN*
CHARLES N. ROCK

TEL: (845) 383-1170
FAX: (845) 481-4305
Web: www.shafranrock.com
Email: info@shafranrock.com

WESTCHESTER BY APPOINTMENT
44 CHURCH STREET
WHITE PLAINS, NY 12601
(914) 448-7000

*ADMITTED IN NY, MA & WASH. DC

August 14, 2023

via ECF

Hon. Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas St.
White Plains, NY 10601-4150

RE:  EVALYCE GRASTY v. EVELYN OLIVO, EVELYN OLIVO MENTAL HEALTH
COUNSELING PLLC and THERAPY BY OLIVO
DOCKET NO: 7.22-cv-07791 KMK

Dear Judge Karas:

This office represents the plaintiff in the above referenced matter. As a follow up to our enforcement application filed on August 10th, 2023, we are advising this Court that on the following day the defendant's counsel has provided a copy of the settlement check via email and has represented that he has placed that check in the mail on Friday, August 11th, 2023. This representation is sufficient for our purposes and, accordingly, the motion is withdrawn.

However, the defendant is concerned that as part of our application we provided the settlement agreement to this Court as this Court directed for retention of jurisdiction. However, we did not redact the amount of the settlement. The defendant feels that this is a violation of the confidentiality provisions of the agreement. This was obviously not our intention or desire and did not presume to interpret this Court's directive to submit the settlement agreement and not a portion thereof.

Accordingly, on behalf of all parties, we make application to seal the record as it relates to the settlement agreement, and request that this Court direct the clerk to seal or remove the settlement agreement from the docket, and as per Rule 13.05, which this Court has the authority to direct.[1]

---

[1] See, e.g., In re Nat'l Broadcasting Co., 653 F.2d 609, 613 (D.C. Cir. 1981) ("Because of the difficulties inherent in formulating a broad yet clear rule to govern the variety of situations in which the right of access must be reconciled with legitimate countervailing public or private interests, the decision as to access is one which rests in the sound discretion of the trial court.");

Respectfully submitted,

Howard E. Shafran

HES/oho
encl.
cc:
David Rutherford, Esq.
RUTHERFORD & CHRISTIE, LLP
Attorneys for Defendants,
EVELYN OLIVO, EVELYN OLIVO MENTAL HEALTH COUNSELING PLLC and
THERAPY BY OLIVO
800 Third Avenue - 9th Floor
New York, New York 10022

> Granted. The Clerk of Court is directed to seal the settlement agreement so that it is accessible only to the Court and the Parties. (*See* Dkt. 34-1.)
>
> So Ordered.
>
> 8/24/23

---

Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998) ("The trial court enjoys considerable leeway in making decisions of this sort."); San Jose Mercury News v. U.S. Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999); United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997)